FILED - GR
October 19, 2018 2:56 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__ns__/_____   SCANNED BY: _____

## United States District Court For The Western District Of Michigan

## Plaintiff Complaint

Jury Trial Requested – Verbal Arguments Requested

## Parties

Daniel Edward Callahan                                                     October 19, 2018
Plaintiff
Vs.
Honorable Jon H. Hulsing and unnamed contributing Judges of The 20th Circuit Court of The State of Michigan in Their Official Capacities.

Daniel Callahan                  Defense attorney unknown
Plaintiff: In Pro Per
380 Lake Street
Fruitport, MI 49415

**1:18-cv-1185**

**Janet T. Neff**
**U.S. District Judge**

_____          _____
Attorney For Plaintiff                  Attorney For Defendant

## Statement of Case

1. Plaintiff Daniel Callahan complains that Jon Hulsing acting as a circuit court judge within the 20th circuit court has committed violations of improper court conduct and has violated plaintiff's civil rights.

2. Jon Hulsing has reason to know that a personal protection (PPO) order known as case #12-73990-PP has been inappropriate from the date it was ordered, and it is now more than ever substantially obvious that he errored in judgement, yet he refuses to eliminate that order. In fact, Jon Hulsing has further ordered that this order now remain in effect for a total of 8 years and has displayed an attitude within the 20th circuit court that this order will remain in effect for as long as he maintains his position as a judge within the 20th circuit court. Most disturbing in this case is Jon Hulsing's condemnation of Daniel Callahan within the 20th circuit court within his statements on record.

3. Furthermore, Jon Hulsing has reason to know that based upon his human emotions and accusatorial attitude which stem from his beliefs that Daniel Callahan is not a good person that he should recuse himself. Jon Hulsing's lack of respect and irrational behavior in consideration of contrasting evidence to his revisionist claimed events have no foundation to support his PPO as witnessed within the 20th circuit court and worse, Jon Hulsing may be displaying the human emotion of jealousy. Jon Hulsing and Daniel Callahan are of the same age and both graduates of Grand Valley State University (GVSU). Daniel Callahan is a well-liked socialite and went on to become the vice president of a multinational factory automation company 3 years after graduation from GVSU earning a 6-figure salary. Jon Hulsing graduated GVSU yet continued his education years after Daniel Callahan only to be employed in various positions requiring him to maintain marginally paid and publicly funded employment before ever nearing the level of success and a salary approaching Daniel Callahan's until he finally was appointed as a judge in

2006; over 10 years after Daniel Callahan was then earning Jon Hulsing's now current salary. Jon Hulsing cannot defend failing to recuse himself in this case based upon Jon's mediocre career contrasted to Daniel's success. Jon Hulsing has made the following concerning statements on record within the 20th circuit court;

- "You (Daniel Callahan) will never work again"; Jon Hulsing referencing that Daniel Callahan will never again attempt to be employed within his international robotics factory automation career, as was Daniel's career prior to Jon Hulsing wrongly issuing a protection order that prohibits Daniel's international travels as reason not to dismiss the inappropriate personal protection order. Daniel Callahan did suffer permanent spinal injuries while attempting to substitute a manual labor job in place of his professional career when Jon Hulsing issued this inappropriate order. Now Jon Hulsing uses the permanent injury that occurred due to his own inappropriate actions to further reinforce his ruling.

- "I (Jon Hulsing) do believe that you (Daniel Callahan) are guilty of the felony offenses suggested in the year 2012 by the petitioner requesting the personal protection order; Jon Hulsing referencing falsely reported crimes supposedly occurring in Muskegon county Michigan of which, even if the crimes suggested did occur would have had no correlation to the petitioner in the case for the personal protection order. The falsely reported felony crimes reported by the petitioner in the case of the personal protection order where appropriately dismissed by a jury within the 14th circuit court of Michigan in the year 2014 contrary to the beliefs of Jon Hulsing therefore; Jon Hulsing chose to redistrict the false charges within his jurisdiction and issue punishment he feels was not sentenced within the 14th circuit court of Michigan. The fact remains that Jon Hulsing issued a personal protection order by a known opiate addicted petitioner whom is an ex-girlfriend of Daniel Callahan. Daniel has refused to continue to fund that petitioner's lifestyle so, she seeks retribution as method to extort funding from Daniel. As that individual stated for foundation of the personal protection order submitted to the 20th circuit court on November 19, 2012; she feared "Potential Death Threats" by Daniel Callahan. Daniel Callahan never made threats to the petitioner or anybody else for that matter. Furthermore, the suggested false allegations have been proven false within the 14th circuit court of Michigan. This same petitioner has obtained 3 previous protection orders from various judges within the 20th circuit court upon Daniel Callahan that have all been dismissed when Daniel would agree to "seek counseling" with petitioner as she stated in her court filings requesting previous PPO's be dismissed, as this extortion technique was used by the petitioner as a method to gain funding for the petitioner during the years 2005, 2006 and 2009 therefore, those PPO's where dismissed immediately. Daniel Callahan refused to foster that funding in the year 2011 with the petitioner therefore; the petitioner continues to apply for protection orders and the 20th circuit court continues issuance.

4. Jon Hulsing was at fault to have ever issued such an inappropriate personal protection order and the false claims by the petitioner have been so often claimed by that petitioner that she was threatened with arrest for submitting falsified police reports as Jon Hulsing has reason to know. Jon Hulsing has reason to know that Daniel Callahan has had no contact with this petitioner since he decided to no longer fund her lifestyle in the year 2011. Jon Hulsing has no evidence to support such claims by the petitioner to extend this PPO and in fact the false claims to extend the PPO have been proven false. The evidence being silly letters of rambling sentences containing no threats and signed by cartoon characters which have been submitted to Jon Hulsing as evidence of a credible threat to the petitioner. It has been proven to Jon Hulsing based upon submissions by the petitioner that the label supposedly used to mail these silly letters was pealed from a package indicating a 1-pound weight for the letters which was in fact a UPS delivered package unrelated to Daniel Callahan.

## Inappropriate Violations Committed By Defendant Jon Hulsing

1. Violation of the 5th United States Constitutional Amendment by way of double jeopardy in redistricting charges into the 20th circuit court jurisdiction and rehearing those dismissed charges of false claimed threats that would have occurred outside the jurisdiction of the 20th circuit court and furthermore where dismissed by the 14th circuit in which case the petitioner claimed "potential death threats" that supposedly occurred in Muskegon county in the district of the 14th circuit court. In addition, violation of due process in the double jeopardy by rehearing of those dismissed charges by Jon Hulsing.
2. Violation of the 6th United States Constitutional Amendment by suggesting the proven false claims of "potential death threats" within the 14th circuit court are now entertained and prosecuted by Jon Hulsing outside his jurisdiction and without any corroborating evidence, disallowing opposing witnesses and without a trial. Jon Hulsing has anointed himself the judge, jury and executioner of sentence for a case outside his jurisdiction.
3. Violation of the 8th United States Constitutional Amendment by inflicting cruel and unusual punishment by eliminating the possibility of Daniel Callahan to work within his lifelong career of international production automation engineering.
4. Violation of the 14th United States Constitutional Amendment that have deprived Daniel Callahan of life, liberty and property. In fact, Jon Hulsing's reprehensible actions have condemned Daniel Callahan to a life of poverty.
5. Defamation of character to Daniel Callahan within his personal life and professional career that eliminates any possibility to reinstate his career with the false standing PPO based upon knowledge to employers of a restraining order that prohibits international travel.

## Prayer For Relief

1. Issue injunctive relief commanding defendant Jon Hulsing to rescind his baseless order.
2. Issue declaratory relief commanding defendant Jon Hulsing to restore the rights and privileges to Daniel Callahan as a citizen of The United States of America.
3. Award Plaintiff the cost of litigation fees for the baseless PPO issued by Defendant Jon Hulsing in the amount of $25,000.00 per year over the 8-year term for a total amount awarded for legal fees of $200,000.00
4. Issue other relief this court determines equitable for causation of harm to Daniel Callahan by defendant Jon Hulsing. Damages inflicted that should be considered by issuance of the inappropriate PPO but should not be limited for consideration of further damages include; loss of career employment income, defamation of personal and professional character, ongoing permanent spinal injury medical costs in addition to pain and suffering.

Sincerely,

Daniel Callahan

---

C.C. -Jon Hulsing, 20th circuit court, 414 Washington, Grand Haven, MI 49417

C.C. – Michigan BAR association, Michael Frank Building, 306 Townsend Street, Lansing, MI 48933-2012

C.C. – United States Department of Justice Civil Rights Division, 950 Pennsylvania Avenue N.W., Office of the Assistant Attorney General, Main Washington, D.C. 20530