UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CALLAHAN,

    Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:18 CV 1185

HONORABLE JON H. HULSING, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Daniel Callahan initiated the present action against the Honorable Jon. H. Hulsing and other unnamed judges of the Ottawa County 20th Circuit Court.  Plaintiff alleges that Judge Hulsing erred by entering against Plaintiff a Personal Protection Order (PPO) eight (8) years ago.  Plaintiff alleges that the entry of the subject PPO violates his federal rights.  Plaintiff requests that this Court order Judge Hulsing to "rescind his baseless order."  Plaintiff also requests monetary and declaratory relief.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be **dismissed** for lack of subject matter jurisdiction.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction.  A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts.  As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham*

*v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiff is seeking to overturn decisions and rulings entered by Michigan state courts. This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 528 Fed. Appx. at 562-63 (same). Moreover, the Court has the obligation to address issues of subject matter jurisdiction *sua sponte*. *See, e.g., Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Accordingly, the undersigned recommends that this matter be dismissed on the ground that this Court lacks subject matter jurisdiction over this action.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 2, 2018         /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge